## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)  MARGIE M. ROBINSON, as the Personal Representative of the Estate of Christina Dawn Tahhahwah, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No: CIV-16-869-F |
| vs. | ) ) | |
| (1)  THE CITY OF LAWTON, OKLAHOMA, | ) ) | |
| (2)  CHELSEY L. GORDON, in her individual capacity, | ) ) | |
| (3)  TIMOTHY T. JENKINS, in his individual capacity, | ) ) | |
| (4)  LINDSEY R. ADAMSON, in her individual capacity, | ) ) | |
| (5)  OFFICER SHORT, in his individual capacity, | ) ) | |
| (6)  LAWRENCE D. TURNER, in his individual capacity, | ) ) | |
| (7)  TERRY D. SELLERS, in his individual capacity, | ) ) | |
| (8)  STACEY L. MCMILLION, in his individual capacity, | ) ) | |
| (9)  DANIEL HALLIGAN, in his individual capacity, | ) ) | |
| (10) OFFICER CARNEY, in his individual capacity, | ) ) | |
| (11) OFFICER FISHER, in his individual capacity, | ) ) | |
| (12) OFFICER QUISENBERRY, in his individual capacity, | ) ) | |
| Defendants. | ) | |

## ANSWER

COMES NOW the Defendants Officer Chelsey L. Gordon, in her individual

capacity; Officer Timothy Jenkins, in his individual capacity; Officer Lindsey R.

1

Adamson, in her individual capacity; Correctional Officer Daniel Halligan, in his individual capacity; and Officer Terry Quisenberry, in his individual capacity; by and through their attorney of record, Clay R. Hillis, and for their Answer to the Plaintiff's Complaint, state as follows:

## The Parties

1. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶1 of Plaintiff's Complaint.

2. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶2 of Plaintiff's Complaint.

3. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶3 of Plaintiff's Complaint.

4. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶4 of Plaintiff's Complaint.

5. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶5 of Plaintiff's Complaint.

6. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry admit the allegations contained in ¶6 of Plaintiff's Complaint.

7. Defendant Gordon admits the allegations contained in ¶7 of Plaintiff's Complaint. Defendants Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶7 of Plaintiff's Complaint.

8. Defendant Jenkins admits the allegations contained in ¶8 of Plaintiff's Complaint. Defendants Gordon, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶8 of Plaintiff's Complaint.

9. Defendant Adamson admits the allegations contained in ¶9 of Plaintiff's Complaint. Defendants Gordon, Jenkins, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶9 of Plaintiff's Complaint.

10. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶10 of Plaintiff's Complaint.

11. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶11 of Plaintiff's Complaint.

12. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶12 of Plaintiff's Complaint.

13. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶13 of Plaintiff's Complaint.

14. Defendant Halligan admits the allegations contained in ¶14 of Plaintiff's Complaint. Defendants Gordon, Jenkins, Adamson, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶14 of Plaintiff's Complaint.

15. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶15 of Plaintiff's Complaint.

16. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶16 of Plaintiff's Complaint.

17. Defendant Quisenberry admits the allegations contained in ¶17 of Plaintiff's Complaint. Defendants Gordon, Jenkins, Adamson, and Halligan are without sufficient information to admit or deny the allegations contained in ¶17 of Plaintiff's Complaint.

## Jurisdiction and Venue

18. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry acknowledge that Plaintiff is attempting to claim this action arises under the United States Constitution, 42 U.S.C. §1983, the Americans with Disabilities Act of 1990 and the Americans with Disabilities Amendments Act of 2008, but Defendants deny that such an action exists under any theory and assert that there is no basis for this lawsuit against them.

19. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry acknowledge that this Court has supplemental jurisdiction over the state claims alleged herein, but deny

that any state action exists under any theory and assert that there is no basis for any state claim against them.

20. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry admit the allegation contained in ¶20 of Plaintiff's Complaint.

21. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry acknowledge that venue in this Court is proper regarding the allegations Plaintiff has made in her Complaint, but Defendants deny Plaintiff's claims against them and assert that there is no basis for this lawsuit against them.

### Fact Allegations

22. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶22 of Plaintiff's Complaint.

23. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶23 of Plaintiff's Complaint.

24. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶24 of Plaintiff's Complaint.

25. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶25 of Plaintiff's Complaint.

26. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶26 of Plaintiff's Complaint.

27. Defendant Gordon admits the allegations contained in ¶27 of Plaintiff's Complaint. Defendants Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶27 of Plaintiff's Complaint.

28. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶28 of Plaintiff's Complaint.

29. Defendant Jenkins admits that according to Lawton Police Department Records, he was dispatched to 1006 SW 42nd Street at 5:21a.m. and arrived at the scene at approximately 5:27a.m. but denies all other allegations contained in ¶29 of Plaintiff's Complaint. Defendants Gordon, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶29 of Plaintiff's Complaint.

30. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶30 of Plaintiff's Complaint.

31. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶31 of Plaintiff's Complaint.

32. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶32 of Plaintiff's Complaint.

33. Defendant Adamson admits the allegation contained in ¶33 of Plaintiff's Complaint. Defendants Gordon, Jenkins, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶33 of Plaintiff's Complaint.

34. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶34 of Plaintiff's Complaint.

35. Defendant Adamson admits the allegation contained in ¶35 of Plaintiff's Complaint. Defendants Gordon, Jenkins, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶35 of Plaintiff's Complaint.

36. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶36 of Plaintiff's Complaint.

37. Defendant Adamson admits the allegations contained in ¶37 of Plaintiff's Complaint. Defendants Gordon, Jenkins, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶37 of Plaintiff's Complaint.

38. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶38 of Plaintiff's Complaint.

39. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶39 of Plaintiff's Complaint.

40. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶40 of Plaintiff's Complaint.

41. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶41 of Plaintiff's Complaint.

42. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶42 of Plaintiff's Complaint.

43. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶43 of Plaintiff's Complaint.

44. Defendant Halligan admits the allegation contained in ¶44 of Plaintiff's Complaint that he booked Christina into the City of Lawton jail facility but denies all other allegations contained in ¶44 of Plaintiff's Complaint. Defendants Gordon, Jenkins, Adamson, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶44 of Plaintiff's Complaint.

45. Defendant Halligan admits the allegation contained in ¶45 of Plaintiff's Complaint that he made direct contact and observed the actions of Christina, that Christina began

banging and kicking the bars of the jail cell, and that Christina was placed in hand restraints without any resistance but denies all other allegations contained in ¶45 of Plaintiff's Complaint. Defendants Gordon, Jenkins, Adamson, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶45 of Plaintiff's Complaint.

46. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶46 of Plaintiff's Complaint.

47. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶47 of Plaintiff's Complaint.

48. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶48 of Plaintiff's Complaint.

49. Defendants Adamson and Quisenberry admit the allegations contained in ¶49 of Plaintiff's Complaint that Christina's hands were placed through the bars of the cell in an overhead position without resistance (but are without sufficient information to admit or deny who actually placed Christina in restraints at this time). Defendants Adamson and Quisenberry are without sufficient information to admit or deny the remaining allegations contained in ¶49 of Plaintiff's Complaint. Defendants Gordon, Halligan, and Jenkins are without sufficient information to admit or deny the allegations contained in ¶49 of Plaintiff's Complaint.

50. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶50 of Plaintiff's Complaint.

51. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶51 of Plaintiff's Complaint.

52. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶52 of Plaintiff's Complaint.

53. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶53 of Plaintiff's Complaint.

54. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶54 of Plaintiff's Complaint.

55. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶55 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

56. No admittance or denial is necessary for ¶56 of Plaintiff's Complaint.

57. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶57 of Plaintiff's Complaint.

58. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶58 of Plaintiff's Complaint.

59. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶59 of Plaintiff's Complaint.

60. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶60 of Plaintiff's Complaint.

61. No admittance or denial is necessary for ¶61 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

62. No admittance or denial is necessary for ¶62 of Plaintiff's Complaint.

63. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶63 of Plaintiff's Complaint.

64. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶64 of Plaintiff's Complaint.

65. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶65 of Plaintiff's Complaint.

66. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶66 of Plaintiff's Complaint.

67. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶67 of Plaintiff's Complaint.

68. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶68 of Plaintiff's Complaint.

69. No admittance or denial is necessary for ¶69 of Plaintiff's Complaint.

### THIRD CAUSE OF ACTION

70. No admittance or denial is necessary for ¶70 of Plaintiff's Complaint.

71. Defendants Halligan, Adamson, and Quisenberry deny the allegations contained in ¶71 of Plaintiff's Complaint. Defendants Gordon and Jenkins are without sufficient information to admit or deny the allegations contained in ¶71 of Plaintiff's Complaint.

72. Defendants Halligan, Adamson, and Quisenberry deny the allegations contained in ¶72 of Plaintiff's Complaint. Defendants Gordon and Jenkins are without sufficient information to admit or deny the allegations contained in ¶72 of Plaintiff's Complaint.

73. Defendants Halligan, Adamson, and Quisenberry deny the allegations contained in ¶73 of Plaintiff's Complaint. Defendants Gordon and Jenkins are without sufficient information to admit or deny the allegations contained in ¶73 of Plaintiff's Complaint.

74. Defendants Halligan, Adamson, and Quisenberry deny the allegations contained in ¶74 of Plaintiff's Complaint. Defendants Gordon and Jenkins are without sufficient information to admit or deny the allegations contained in ¶74 of Plaintiff's Complaint.

75. No admittance or denial is necessary for ¶75 of Plaintiff's Complaint

## FOURTH CAUSE OF ACTION

76. No admittance or denial is necessary for ¶76 of Plaintiff's Complaint

77. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶77 of Plaintiff's Complaint.

78. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶78 of Plaintiff's Complaint.

79. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶79 of Plaintiff's Complaint.

80. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶80 of Plaintiff's Complaint.

81. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶81 of Plaintiff's Complaint.

82. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶82 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION

83. No admittance or denial is necessary for ¶83 of Plaintiff's Complaint

84. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶84 of Plaintiff's Complaint.

85. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶85 of Plaintiff's Complaint.

86. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶86 of Plaintiff's Complaint.

87. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry admit the allegation contained in ¶87 of Plaintiff's Complaint.

88. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶88 of Plaintiff's Complaint.

89. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶89 of Plaintiff's Complaint.

90. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶90 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

91. No admittance or denial is necessary for ¶91 of Plaintiff's Complaint

92. No admittance or denial is necessary for ¶92 of Plaintiff's Complaint

93. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶93 of Plaintiff's Complaint.

94. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegations contained in ¶94 of Plaintiff's Complaint.

95. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegation contained in ¶95 of Plaintiff's Complaint.

96. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry are without sufficient information to admit or deny the allegation (as worded) contained in ¶96 of Plaintiff's Complaint.

97. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegations contained in ¶97 of Plaintiff's Complaint.

98. Defendants Gordon, Jenkins, Adamson, Halligan, and Quisenberry deny the allegation contained in ¶98 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendants Officer Chelsey L. Gordon, in her individual capacity; Officer Timothy Jenkins, in his individual capacity; Officer Lindsey R. Adamson, in her individual capacity; Correctional Officer Daniel Halligan, in his individual capacity; and Officer Terry Quisenberry, in his individual capacity; submit the following affirmative defenses to the allegations contained in Plaintiff's Complaint:

1. Defendants did not violate Christina Tahhahwah's clearly established rights, they acted objectively reasonable and they are entitled to qualified immunity.

2. Defendants did not violate Christina Tahhahwah's constitutional rights.

3. Defendants did not use unlawful or excessive force during their interactions with Christina Tahhahwah; any force they used was reasonable and necessary.

4. Defendants were acting under color of law as police officers and/or correctional officers for the City of Lawton at all times during their interactions with Plaintiff.

15

5. Defendants were acting within the scope of their employment as police officers and/or correctional officers for the City of Lawton at all times during their interactions with Christina Tahhahwah.

6. Defendants did not act maliciously in any way.

7. Christina Tahhahwah was placed under citizen's arrest by Anna Chalepah, and Officers Gordon, Jenkins and Adamson [?], after conducting enough independent investigation to establish probable cause to believe that a crime had been committed, lawfully assumed custody of Christina Tahhahwah.

8. Defendant Officers Gordon, Jenkins and Adamson reasonably relied on information supplied to them by other officers and dispatch, and therefore, the fellow officer rule applies in this case.

9. Defendants are immune from suit and/or liability under the Oklahoma Governmental Tort Claims Act.

10. Defendants respectfully reserve the right to add additional affirmative defenses as they may become known through discovery.

WHEREFORE, having fully answered, the Defendants Officer Chelsey L. Gordon, in her individual capacity; Officer Timothy Jenkins, in his individual capacity; Officer Lindsey R. Adamson, in her individual capacity; Correctional Officer Daniel Halligan, in his individual capacity; and Officer Terry Quisenberry, in his individual capacity; respectfully request that Plaintiff take nothing by reason of her Complaint on file herein, and that they be dismissed with attorney fees and costs.

Respectfully submitted this 30th day of November, 2016.

/s Clay R. Hillis
Clay R. Hillis, OBA #15558
502 S.W. D Avenue
Lawton, OK 73501
580.248.1100
580.248.1191 FAX
clayhillis@yahoo.com
*Attorney for Defendants Gordon,*
*Jenkins, Halligan, Adamson,*
*Quisenberry, Fisher, Sellers, Short,*
*Turner, and McMillion*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Woodrow K. Glass, Stanley M. Ward, Barrett T. Bowers,
and Geoffrey A. Tabor
1601 36th Avenue NW
Norman, Oklahoma 73072
Telephone: (405) 360-9700
Facsimile: (405) 360-7902
woody@wardglasslaw.com
rstermer@wardglass.com
barrett@wardglass.com
geoffrey@wardglasslaw.com
Attorneys for Plaintiff

and

Kelea L. Fisher, OBA# 18703
212 SW 9th Street
Lawton, Oklahoma 73501
Telephone: (580) 581-3320
Facsimile: (580) 581-3539
kfisher@cityof.lawton.ok.us
Counsel for Defendant City and non-party Kay Carney

s/Clay R. Hillis