IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARGIN M. ROBINSON, as the Personal Representative of the Estate of Christina Dawn Tahhahwah, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LAWTON, OKLAHOMA; et. al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-16-0869-F<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference: February 2, 2017

| | |
|---|---|
| Appearing for Plaintiff: | Woodrow K. Glass, OBA#15690<br>Barrett T. Bowers, OBA#30493<br>Geoffrey A. Tabor, OBA#32880<br>Ward & Glass, LLP<br>1601 36th Ave. NW, Ste. 100<br>Norman, OK 73072<br>woody@wardglasslaw.com<br>barrett@wardglasslaw.com<br>geoffrey@wardglasslaw.com |
| Appearing for Defendant City of Lawton: | Kelea L. Fisher, OBA#18703<br>Assistant City Attorney<br>212 SW 9th Street<br>Lawton, OK  73501<br>kfisher@cityof.lawton.ok.us |
| Appearing for Individual Defendants: | Clay Hillis, OBA#15558<br>502 SW D. Avenue<br>Lawton, OK  73501<br>clayhillis@yahoo.com |

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1

1. **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   **Plaintiff:**

   Plaintiff Margie M. Robinson is the Personal Representative of the Estate of Christina Dawn Tahhahwah, Deceased. She has brought this suit against the City of Lawton and eleven of its police and/or correctional officers for multiple violations of Christina's constitutional rights. Plaintiff has also brought a claim against the City for violation of 42 U.S.C. § 1983 for its failure to train, supervise, and/or discipline its employees. Plaintiff has also brought a negligence claim against the City under Oklahoma state law.

   **All Defendants:** On or about November 12, 2014, Christina Tahhahwah made several calls to Lawton Police Department emergency dispatch requesting assistance from police officers for a variety of reasons. After each call, Lawton police officers were dispatched to her reported location and ultimately cleared the scene. At approximately 1:22p.m. on November 13, 2014, Anna Chalepah, who identified herself as Christina's grandmother, called Lawton emergency dispatch to report that Christina had thrown a glass of milk at her and stating that Christina was on drugs. Officers Lawrence Turner and Kurt Short were dispatched to the location and made contact with Anna Chalepah, Jerome Tahhahwah (who identified himself as Christina's grandfather), and Christina Tahhahwah. The officers were informed that Christina had been an invited guest for the past two weeks in Anna and Jerome's home, and that they had asked Christina to leave and she would not leave. Christina was then placed under citizen's arrest for trespassing by Anna Chalepah, and Officers Turner and Short then caused Christina to be transported to the City of Lawton jail after lawfully assuming custody of Christina.

   Ms. Tahhahwah was booked into the Lawton City jail facility where she remained for approximately twenty-four (24) hours. At several points during this time, Christina began banging and kicking the bars and bunk in her cell, posing a danger to herself and jail property. The correctional officers used a variety of tactics to address Christina's behavior, including talking with Christina and eventually cuffing Christina to prevent her from harming herself or jail property. Each cuffing was without incident. At approximately 11:48 a.m. on November 14, 2014, Christina was again cuffed for kicking and hitting the bunk hard enough to hurt herself or damage jail property. Correctional officers cuffed Christina's hands to the bars using two pair of restraints. At approximately 1:02p.m., correctional officers were notified by a trustee that Christina was unresponsive. The correctional officers immediately requested and initiated emergency assistance.

Emergency responders then transported Christina to a local hospital where life support was withdrawn and Christina died on November 17, 2014, according to Plaintiff.

Plaintiff, Margie Robinson, as the Personal Representative of the Estate of Christina Tahhahwah, has filed this lawsuit against Defendant City and Defendant Officers and Correctional Officers in their individual capacities alleging a violation of Christina's Fourth and Fourteenth Amendment Constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff has also alleged a state law negligence claim against Defendant City. Defendants deny all claims.

2. **JURISDICTION**.   State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

Jurisdiction of this Court is founded upon the existence of a federal question under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. The Court has subject matter jurisdiction over Plaintiff's supplemental state law claim by virtue of 28 U.S.C. § 1367.

There are no current objections to the Court's jurisdiction.

3. **STIPULATED FACTS**.   List stipulations as to all facts that are not disputed, including jurisdictional facts.

   1. The Court has subject matter jurisdiction over Plaintiff's claims.

   2. The Court has personal jurisdiction over the Defendants.

   3. Venue is proper in this Court.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiff</u>:

      1. Plaintiff Margie M. Robinson is the duly-appointed Personal Representative of the Estate of Christina Dawn Tahhahwah, Deceased.

2. Officers Turner and Short arrested Christina Dawn Tahhahwah without probable cause.

3. Officers Turner and Short's arrest of Christina Dawn Tahhahwah violated her Fourth Amendment right to be free from unreasonable seizures.

4. As a direct and proximate result of Officers Turner and Short's false arrest, Christina Dawn Tahhahwah was arrested, taken into custody, transported to and booked into the Lawton City Jail.

5. As a direct and proximate result of the actions of Officers Turner and Short, Christina Dawn Tahhahwah suffered personal injuries, mental injuries, medical expenses and ultimately death.

6. Officers Turner and Short violated clearly established law.

7. Officers Turner and Short acted intentionally and/or in reckless disregard for Christina Dawn Tahhahwah's constitutional rights, and Plaintiff is entitled to recover punitive damages.

8. Defendants Gordon, Jenkins, Adamson, Turner, Short, Halligan, Sellers, Carney, Fisher, Quisenberry, and McMillion were deliberately indifferent to Christina Dawn Tahhahwah's serious medical needs.

9. Defendants Gordon, Jenkins, Adamson, Turner, Short, Halligan, Sellers, Carney, Fisher, Quisenberry, and McMillion had direct knowledge of Christina's mental disorder and her need for mental health care treatment was so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

10. Defendants Gordon, Jenkins, Adamson, Turner, Short, Halligan, Sellers, Carney, Fisher, Quisenberry, and McMillion knew that Christina faced a substantial risk of harm and they disregarded that risk by failing to take reasonable actions to abate the risk.

11. Defendants Gordon, Jenkins, Adamson, Turner, Short, Halligan, Sellers, Carney, Fisher, Quisenberry, and McMillion failed to provide any medical or mental health care treatment to Christina before she became unresponsive.

12. As a direct and proximate result of the actions of Defendants

Gordon, Jenkins, Adamson, Turner, Short, Halligan, Sellers, Carney, Fisher, Quisenberry, and McMillion, Christina Dawn Tahhahwah suffered personal injuries, mental injuries, medical expenses and ultimately death.

13. Defendants Gordon, Jenkins, Adamson, Turner, Short, Halligan, Sellers, Carney, Fisher, Quisenberry, and McMillion violated clearly established law.

14. Defendants Gordon, Jenkins, Adamson, Turner, Short, Halligan, Sellers, Carney, Fisher, Quisenberry, and McMillion acted intentionally and/or in reckless disregard for Christina Dawn Tahhahwah's constitutional rights, and Plaintiff is entitled to recover punitive damages.

15. Defendants Halligan, Sellers, Carney, Fisher, Adamson, Quisenberry, and McMillion used excessive force against Christina by placing her in hand restraints and leaving her restrained for long periods of time while confined within her jail cell.

16. To the extent that Defendants Halligan, Sellers, Carney, Fisher, Adamson, Quisenberry, and McMillion did not personally participate in the use of excessive force, they were present during the use of excessive force and had a constitutional duty to intervene, but failed to do so.

17. Defendants Halligan, Sellers, Carney, Fisher, Adamson, Quisenberry, and McMillion's use of excessive force and/or failure to intervene amounted to deliberate indifference to Christina's constitutional rights.

18. As a direct and proximate result of the actions of Defendants Halligan, Sellers, Carney, Fisher, Adamson, Quisenberry, and McMillion, Christina Dawn Tahhahwah suffered personal injuries, mental injuries, medical expenses and ultimately death.

19. Defendants Halligan, Sellers, Carney, Fisher, Adamson, Quisenberry, and McMillion violated clearly established law.

20. Defendants Halligan, Sellers, Carney, Fisher, Adamson, Quisenberry, and McMillion acted intentionally and/or in reckless disregard for Christina's constitutional rights, and Plaintiff is entitled to recover punitive damages.

5

21. The City of Lawton's police and/or correction officers violated the constitutional rights of Christina Dawn Tahhahwah.

22. The violations arose under circumstances that were usual and recurring situations for the City's police and/or correctional officers.

23. The City's inadequate training or supervision of its officers demonstrates deliberate indifference to the constitutional rights of individuals with mental illnesses.

24. The City had actual or constructive notice that its action or failure to act was substantially certain to result in the constitutional violations that occurred in this case.

25. The City consciously or deliberately chose to disregard this risk of harm.

26. There is a direct causal link between the City's inadequate training or supervision and the constitutional violations that occurred in this case.

27. As a direct and proximate result of the City's failure to train, supervise, and discipline its officers, Christina was deprived of her constitutional rights thereby sustaining physical injuries, mental injuries, medical expenses, and ultimately her death.

28. The Individual Defendants are not entitled to qualified immunity.

29. The question of qualified immunity depends on the resolution of disputed facts, and therefore there are no grounds for an immediate appeal.

30. Plaintiff is entitled to recover her attorney's fees and court costs.

31. Plaintiff is entitled to recover pre-judgment and post-judgment interest as allowed by law.

32. Plaintiff seeks all other relief that the Court deems just and equitable pursuant to 42 U.S.C. § 1983.

33. Defendant The City of Lawton breached its duty to Christina Dawn Tahhahwah under Oklahoma law.

      34. Defendant The City of Lawton's breach of duty caused Christina Dawn Tahhahwah's death.

      35. Plaintiff is entitled to recover economic and noneconomic damages against the City due to the negligence of its police and/or correctional officers.

b. <u>All Defendants sued in their individual capacities:</u>

1. General denial.
2. Plaintiff has failed to state a claim upon which relief can be granted.
3. Defendants did not violate Christina Tahhahwah's clearly established rights, they each acted objectively reasonable and are entitled to qualified immunity.
4. The actions of each Defendant were not against clearly established law within the Tenth Circuit.
5. Plaintiff has failed to state a claim which would entitle Plaintiff to an award of punitive damages.
6. No Defendant used unlawful or excessive force during his/her interactions with Christina Tahhahwah; any force used was reasonable and necessary.
7. Defendants were acting under color of law as a correctional officer or police officers for the City of Lawton at all times during their interactions with Christina Tahhahwah.
8. Defendants were acting within the scope of his/her employment as a correctional officer or police officer for the City of Lawton at all times during his/her interactions with Christina Tahhahwah.
9. Defendants did not act maliciously in any way.
10. Defendants reasonably relied on information supplied to them by other officers, and therefore the fellow officer rule applies in this case.
11. Defendants are immune from suit and/or liability under the Oklahoma Governmental Tort Claims Act.

c. <u>Defendant City of Lawton</u>:

1. General denial.
2. The allegations against Defendant City fail to state a claim, under either federal or state law, upon which relief may be granted.
3. Defendant City is entitled to judgment as a matter of law on any or all of Plaintiff's claims.
4. Christina Tahhahwah's rights under the United States Constitution and laws were not violated by any action or inaction of Defendant City or any of Defendant City's employees.

5. Defendant City has no custom, practice, or policy that was the moving force behind any constitutional violation allegedly suffered by Christina Tahhahwah.
6. The training required to be successfully completed by all police and correctional officers of Defendant City, including the named Defendant police and correctional officers, far exceeds the police officer and correctional officer training requirements imposed by state law, and all named Defendant police and correctional officers successfully completed all training requirements during their tenures as police and/or correctional officers with the Defendant City.
7. Defendant City's written policies on arrests strictly prohibit arrests without probable cause. Furthermore, Defendant Officers had lawful authority to take Plaintiff into custody as evidenced by the citizen's complaint and arrest completed by Anna Chalepah and the officer's independent determination that a citizen's arrest was justified.
8. Defendant City's written policies on use of force strictly prohibit the excessive use of force.
9. Defendant City's written policies regarding treatment of mental health offenders conform to established constitutional and statutory law.
10. Defendant City's training and supervision of its police officers and correctional officers in providing arrestees, pre-trial detainees, and post-conviction detainees with access to medical and/or psychological care met or exceeded constitutional and statutory standards.
11. Defendant City has no unwritten policy, custom, or practice contrary to its written policies.
12. Defendant City cannot be held liable under 42 U.S.C. § 1983 on grounds of respondeat superior or vicarious liability.
13. Defendant City is immune under the Oklahoma Governmental Tort Claims Act from liability for all allegations by Plaintiff that necessarily place its police and correctional officers, including all named Defendant police and correctional officers, outside the scope of employment.
14. Defendant City is exempt from liability under the Oklahoma Governmental Tort Claims Act.
15. Defendant City did not breach any legal duty to Plaintiff.
16. No action or inaction of Defendant City was the proximate or a contributing cause of the injuries Plaintiff claims were sustained by Christina Tahhahwah.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R.

   Civ. P. 5.1?

    ☐ Yes  X No

6.  **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

  There are no motions currently pending before the Court.

  All Defendants anticipate filing a Motion for Summary Judgment, pretrial motions in accordance with the Court's Scheduling Order and discovery motions as needed.

7.  **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  X Yes  ☐ No
  If "no," by what date will they be made? _____

8.  **PLAN FOR DISCOVERY**.

  A.  The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on <u>January 11, 2017</u>.

  B.  The parties anticipate that discovery should be completed within <u>twelve (12)</u> months.

  C.  In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>Six (6) months</u>.

  D.  Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

   X Yes ☐ No

  E.  Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

   X Yes ☐ No

   To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that

the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

_____

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

_____

9. **ESTIMATED TRIAL TIME**: 5-6 days

10. **BIFURCATION REQUESTED**: ☐ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**:  ☐ Good  X Fair  ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes  ☐ No

    B. The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        ☐ Judicial Settlement Conference
        ☐ Other _____
        X None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  ☐ Yes  X No

14. Type of Scheduling Order Requested.  X Standard -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 30th day of January, 2017.


/s/ Barrett T. Bowers
Counsel for Plaintiff

                    -and-

                    /s/Kelea L. Fisher
                    Kelea L. Fisher, OBA#18703
                    Assistant City Attorney
                    212 SW 9th Street
                    Lawton, OK   73501
                    kfisher@cityof.lawton.ok.us
                    Attorney for Defendant City of Lawton

                    -and-

                    /s/Clay Hillis
                    Clay Hillis, OBA#15558
                    502 SW D. Avenue
                    Lawton, OK   73501
                    clayhillis@yahoo.com
                    Attorney for All Individual Defendants