IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

MARGIE M. ROBINSON, as the )
Personal Representative of the Estate )
of Christina Dawn Tahhahwah, )
Deceased, )
                                                                             )
                                 Plaintiff, )    Case No: CIV-16-869-F
vs. )
                                                                                 )
THE CITY OF LAWTON, )
OKLAHOMA, et. al., )
                                Defendants. )

**DEFENDANTS COMBINED MOTION TO EXCLUDE THE
EXPERT REPORT AND TESTIMONY OF PLAINTIFF'S
EXPERT JOHN B. BUCK HILL, D.O.**

Pursuant to Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), Defendants request this Court exclude the expert report and expert testimony of Plaintiff's proffered expert John B. Buck Hill, D.O.. A brief in support of this motion follows.

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE THE
EXPERT REPORT AND TESTIMONY OF JOHN B. BUCK HILL**

Rule 702 of the Federal Rules of Civil Procedure applies to the admissibility of expert testimony. The rule provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and

> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 597 (1993), the Supreme Court held that district courts act in a "gatekeeping role" to ensure that scientific expert testimony is relevant and reliable. An expert's opinion must be based on "more than subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. The applicability of *Daubert* was later expanded to apply to the opinions of all experts, not just scientific experts. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) ("We conclude that *Daubert's* general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge.") *Bloom v. Toliver*, No. 12-CV-169-JED-FHM, 2015 WL 12745090, at *1 (N.D. Okla. Sept. 23, 2015)

In his report, Dr. Hill states that "twice [Christina Tahhawah, the decedent] was found in a slumped on her side position" and "Christina was seated on the floor of the cell with her hands cuffed to the bars above her head which placed her into a seated leaning forward restrained position….[W]hen she was found lying over on her side, her legs would have straightened at the hip and allowed better diaphragmatic excursion and increased tidal volumes. In other words, she has assumed a position of comfort in order to breathe easier, but alas she was forced back into the seated leaning forward restrained position." Dr. Hill then concludes his report by stating as follows:

> "In spite of their knowledge and previous history of Christina, when she became somewhat disruptive instead of transferring her to a more appropriate facility, they handcuffed her to the bars of the cell placing her in a compromising position, seated leaning forward restrained position, more probably that not leading to the respiratory acidosis and cardiac irritability that led to her sudden cardiac arrest and subsequent death." (Ex. 1 – Dr. Hill Report)

It is clear from his report that Dr. Hill basis his opinion about the manner of death on the manner in which Christina Tahhahwah was seated and/or allegations about position in which she was found unresponsive. Plaintiff can point to no testimony by any witness, no document, nor any other evidence that would suggest that Christina Tahhahwah was ever handcuffed in this position or that she was found unresponsive in this position.

Expert testimony must be relevant and reliable. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588–89, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). To be reliable, expert testimony must be "based on actual knowledge, and not mere 'subjective belief or unsupported speculation.' " *Mitchell v. Gencorp., Inc.*, 165 F.3d 778, 780 (10th Cir. 1999) (quoting *Daubert*, 509 U.S. at 590, 113 S.Ct. 2786). Further, a district court "is accorded great latitude in determining how to make *Daubert* reliability findings." *United States v. Velarde*, 214 F.3d 1204, 1209 (10th Cir. 2000). When expert opinion "is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict" and will be excluded. *Brooke*

*Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242, 113 S.Ct. 2578, 125 L.Ed.2d 168 (1993).

There were four Defendant Officers and/or Jailers that were present during the last handcuffing of Christina Tahhahwah before she was found unresponsive – Defendant Officers Adamson and Quisenberry who were present while she was handcuffed, and Defendant Jailers Sellers and McMillion – were present while she was handcuffed and when she was found unresponsive. None of these witnesses have described the position of Christina's body as "leaning forward".

During the handcuffing, McMillion stated that when Christina was handcuffed, she was sitting up against the bars and was not leaned forward. (Ex. 2 – Excerpts of the deposition of Stacey McMillion taken July 5, 2018, pg. 165, lines 4-9) McMillion further states that when Christina was found unresponsive, her legs were straight out in front of her and her bottom was scooted out from the bars – again, not stating that Christina was "leaning forward" as Dr. Hill suggests. (Ex. 2 – Excerpts of the deposition of Stacey McMillion taken July 5, 2018, pg. 171, lines 6-20) Likewise, Defendant Officer Adamson states that Christina's back was up against the bars. (Ex. 3 – Excerpts of the Deposition of Lindsey Adamson taken on August 17, 2017, pg. 146, lines 13-16)

Once Jailers found Christina unresponsive, they completed booking narratives and statements and submitted a report to the Oklahoma State Department of Health Jail Standards Division. Again, in none of those records do the jailers describe Christina's body being found in the position described by Dr. Hill. (Ex. 4 – Tahhahwah Booking

Narrative; Ex. 5 – OSDH Incident Report; Ex. 6 – 11.14.14 Incident Report) It is clear the Dr. Hill is basing his report on information obtained from the Medical Examiner's Report which does not state that Christina was "leaning forward" while she was handcuffed. (Ex. 7 – Medical Examiner Records) In fact, the report actually states that Christina was "handcuffed to the bars" ….and was found to be scooted forward away from the bars….and was put back against the bars." There is no language and no mention of Christina being in a "seated leaning forward restrained position."

To be reliable, Dr. Hill's testimony must be "based on actual knowledge, and not mere subjective belief or unsupported speculation" – and Dr. Hill can point to no evidence that he has "actual knowledge" that Christina was ever "seated leaning forward" while restrained. As such, his opinion is based on unsupported speculation on his part.

## CONCLUSION

WHEREFORE, based upon the above and foregoing, Defendants respectfully request this Court exclude the expert report and expert testimony of Plaintiff's proffered expert John B. Buck Hill, D.O. and for any other such relief as the Court deems appropriate.

Respectfully submitted this 30th day of July, 2018.

s/Kelea L. Fisher
Kelea L. Fisher, OBA# 18703
Deputy City Attorney
212 SW 9th Street
Lawton, Oklahoma 73501
Telephone: (580) 581-3320
Facsimile: (580) 581-3539
kfisher@lawtonok.gov
*Attorney for Defendant City of Lawton*


/s Clay R. Hillis
Clay R. Hillis, OBA #15558
602 S.W. D Avenue
Lawton, Oklahoma 73501
Telephone: (580) 248-1100
Facsimile: (580) 248-1191
clayhillis@yahoo.com
*Attorney for Defendants Gordon, Jenkins, Halligan, Adamson, Quisenberry, Fisher, Sellers, Short, Turner and McMillion*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Woodrow K. Glass
Stanley M. Ward
Barrett T. Bowers,
Geoffrey A. Tabor
Ward & Glass, LLP
1601 36th Avenue NW
Norman, Oklahoma 73072
Telephone: (405) 360-9700
Facsimile: (405) 360-7902
woody@wardglasslaw.com
rstermer@wardglass.com
barrett@wardglass.com
geoffrey@wardglass.com
*Attorneys for Plaintiff*

                                            s/Kelea L. Fisher
                                            Kelea L. Fisher